# CHARLESTON.

PRIM *et al. v.* McINTOSH *et al.*

Submitted June 9, 1897—Decided November 17, 1897.

1. NON-NEGOTIABLE NOTES—*Assignee's Rights.*
    The assignee of a non-negotiable note or obligation can take no rights which his assignor did not possess, and generally make no defenses he could not make. (p. 795.)

2. PROMISSORY NOTE—*Assignee's Rights—Fraudulent Conveyance.*

The assignment of a promisory note carries with it all the remedies of the assignor, including the right to attack a fraudulent conveyance, but this must be construed to mean to successfully attack such conveyance. (p. 795.)

3. FRAUDULENT CONVEYANCE—*Husband and Wife—Husband's Debts.*

Although a contract for the sale of a tract of land be made with a husband, yet it is understood between the parties at the time the contract is made that the purchase money is to be paid by the wife out of her separate estate, although the deed is made by the vendor to the husband, and a vendor's lien retained to secure the purchase money. Yet if the vendor knowingly receives the purchase money from the wife, in accordance with the original understanding, if such land is conveyed by the husband to the wife, in consideration of her payment of the purchase money, said vendor cannot attack such conveyance as fraudulent as to a debt due him from the husband as purchase money for a mule, of which the wife had no notice; neither can the assignee of such debt so attack such conveyance. (p. 795.)

Appeal from Circuit Court, Taylor County.

Bill by W. D. Prim and Frank Brown, partners as Prim & Co., against Elijah McIntosh and others, for cancellation of deed and the sale of land. From a decree for plaintiffs, defendant Mary A. McIntosh appeals.

*Reversed.*

W. R. D. DENT, for appellant.

ENGLISH, PRESIDENT:

W. D. Prim and Frank Brown, partners, under the firm name of W. D. Prim & Co., filed their bill in the Circuit Court of Taylor County against Elijah B. McIntosh, Anna McIntosh, Thomas Moore, and Mary A. Moore, his wife, and Joshua R. Cole, and alleges that on the 14th day of November, 1888, the defendant Elijah B. McIntosh purchased of Joshua R. Cole a parcel of land situated in Taylor County, on the waters of Valley river, and took a deed for the same, a copy of which deed they exhibited; that on the 13th day of January, 1890, while in possession of said land, said McIntosh executed to said Cole, from whom he purchased the land, his promissory note for the

sum of one hundred dollars, payable one year after date; that after the said note became due and payable, and before the same was paid, to wit, on the 14th day of November, 1892, said McIntosh conveyed said land to the defendant Thomas W. Moore, for the pretended consideration of four hundred and fifty dollars, when in fact no consideration was paid by the said Moore to the said McIntosh for the same, a copy of which deed was also exhibited; that on the 17th day of November, 1892 (only three days after the conveyance was made to said Moore), the said Moore and wife conveyed the same parcel of land to Anna McIntosh, the wife of the said Elijah B. McIntosh, for the pretended consideration of five hundred dollars, when in fact no consideration was ever paid for the same by the said Anna McIntosh to said Moore; that on the 11th day of March, 1896, they purchased the said note of the said Cole, and paid a valuable consideration for the same, as is shown by the assignment on the back of said note, which they file with their bill; that on the 30th day of May, 1895, a judgment was obtained on said note for the balance then due, which amounted to forty-one dollars and twenty-seven cents and two dollars and sixty-five cents costs; that on the 12th day of August an execution was issued on said judgment, and placed in the hands of a constable, who returned the same on the 4th day of October, 1895, "No property found"; that said judgment was duly recorded in the judgment lien docket of said county on the 14th day of October, 1895, as is shown by a copy of said docket which they filed. They charge that the deed from E. B. McIntosh to Thomas W. Moore was made without consideration, and to hinder, delay, and defraud the creditors of the defendant Elijah B. McIntosh; that the defendant Anna McIntosh and the defendants Thomas W. Moore and his wife, Mary A. Moore, entered into a conspiracy with the said Elijah B. McIntosh to cheat, hinder, delay, and defraud the creditors of the said Elijah B. McIntosh, and especially to defraud the plaintiffs; and they pray that the deed from said E. B. McIntosh and wife to the said Moore be set aside, canceled, and annulled, and that the deed from said T. W. Moore and wife to Anna McIntosh be canceled and held for naught; that plaintiffs' claim be decreed to them, and said land be sold, and the proceeds

applied to the payment of their claim and the costs of suit.

The defendants Elijah B. McIntosh and Mary A. McIntosh, his wife, filed their separate answers to the plaintiffs' bill, putting in issue all of the material allegations of said bill, which answers were replied to, depositions were taken in the cause, and on the 16th day of January, 1896, a decree was rendered therein, holding that the deed of Elijah McIntosh and wife to Thomas W. Moore, dated November 14, 1892, and the deed of T. W. Moore and wife made to Anna McIntosh, dated November 17, 1892, are fraudulent and void as to the plaintiffs' judgment for the sum of forty-one dollars and twenty-seven cents and two dollars and sixty-five cents costs, with interest from the 30th day of May, 1895, aggregating the sum of forty-six dollars and fifty-two cents, and decreed that said deeds be set aside and held for naught as to said judgment of the plaintiffs, and directed that unless said Elijah McIntosh, or some one for him, pay to said W. D. Prim & Co. the sum of forty-six dollars and fifty-two cents, with interest from the 14th day of January, 1896, together with the cost of said suit, within thirty days from the rise of the court, a special commissioner therein appointed for the purpose should sell the real estate in the bill and proceedings mentioned, at the time and place and upon the terms therein specified, and report his proceedings to the court; and from this decree this appeal was applied for and obtained.

It is claimed by appellant that the court erred in holding said deed fraudulent and void without any proof upon the part of the plaintiffs, and in the face of full proof that the money to pay for said land was the separate estate of the appellant, derived by inheritance, which fact was made known to the original vendor, who was the assignor of the debt, and who assigned (without recourse) to Prim & Co., long after the conveyance was made to appellant, Mary McIntosh. Now, the plaintiffs allege that E. B. McIntosh executed a note for one hundred dollars, dated the 13th day of January, 1890, to Joshua R. Cole, from whom he purchased said land, payable one year after date; and that after said note became due and payable, and before the same was paid, to wit, on the 14th of November, 1892, the conveyances to Thomas W. Moore and from said Moore to

the appellant above mentioned were made, and on the 11th day of March, 1896, the plaintiffs purchased said note of Cole, for a valuable consideration; and that on the 30th of May the plaintiffs obtained a judgment for forty-one dollars and twenty-seven cents, the balance due on said note, and two dollars and sixty-five cents costs. This allegation is to a great extent not sustained by the evidence. The testimony clearly shows that the note assigned to plaintiffs was not for one hundred dollars but for sixty dollars, and was executed by E. B. McIntosh to said Joshua R. Cole for a mule, and bears date January 13, 1890. The purchase of this mule from Joshua R. Cole, although made after the conveyance of the land to E. B. McIntosh, was made more than five years before the balance of said sixty dollar note was assigned to the plaintiffs, and the conveyance to Mary McIntosh was made more than two years before the plaintiffs became the owner, by assignment, of the balance due on the note executed to said Moore by E. B. McIntosh for said mule. These conveyances were placed on record, and the plaintiffs thereby had notice of them, before they purchased, by assignment, the balance due on said note from said Joshua R. Cole. There was no fraud practiced upon Joshua R. Cole, from whom E. B. McIntosh purchased said land. He testified that he was informed by the parties and by appellant's father, James E. St. Clair, that the money to pay for the land was to come from her separate estate. Then said Joshua R. Cole retained a vendor's lien on the face of the deed to secure the unpaid purchase money, and it is shown that the first note has been paid, and about half of the second note, so that the purchase money is amply secured. The vendor's lien was not affected in any manner by the transfer to the appellant, and the fact that so great a portion of the purchase money has been paid, and that the vendor's lien secures the residue, shows there was no intention to defraud said vendor. The appellant, in her testimony, swears that she knew nothing of the existence of this sixty dollar note when the land was conveyed to her. The bill charges that these conveyances were made especially to defraud the plaintiffs. This, however, could hardly be, when the plaintiffs had no interest in the sixty dollar note, or any part of it, until more than two years after the conveyances were made. The as-

signor, Joshua R. Cole, had full notice that the purchase money for said land was to be paid by Mary A. McIntosh out of her separate estate, and full notice of the conveyance to her of the land, subject to his vendor's lien, long before he assigned the balance due on said sixty dollar note to the plaintiffs, W. D. Prim & Co.

Joshua R. Cole could not have successfully attacked said conveyance from E. B. McIntosh to Thomas W. Mooore, and from said Moore to Mary A. McIntosh, as fraudulent; and, not being possessed of that right himself, he could not transfer it by assignment to the plaintiffs, W. D. Prim & Co. It is true, this Court, in the case of *Billingsley* v. *Clelland*, 41 W. Va. 234 (23 S. E. 812), said that "the assignment of a promissory note carries with it all the remedies of the assignor, including the right to attack a fraudulent conveyance"; but this, as a matter of course, must be construed to mean the right to successfully attack such conveyances; and if the assignor was not entitled to such remedy he could not transfer such right by assignment. In the same case it was held that "a conveyance of property from husband to wife, directly or indirectly, with fraudulent intent towards prior or subsequent creditors, will be held void as to such creditors." The conveyances must be made, however, with fraudulent intent. In the case under consideration the evidence is clear that the purchase money was furnished by the wife out of her separate estate, and there was no fraud in conveying to her what she had paid for. We find in 1 Pars, Cont. (8th Ed.) p. 237, the author says: "The action brought in the name of the assignor for the benefit of the assignee is open to all equitable defenses, but only to those which are equitable; that is, the debtor may make all defenses which he might have made if the suit was for the benefit of the assignor, as well as in his name, provided these defenses rest upon honest transactions which took place between the debtor and the assignor before the assignment, or after the assignment, and before the debtor had notice or knowledge of it. The same rule holds as to the equities existing between an assignor and his assignee in respect to a chose in action held for value and without notice by a subsequent assignee. The latter takes the exact position of his vendor. The assignee of a nonnegotiable obligation can take no rights which his as-

signor did not possess, and generally make no defenses he could not make." As we have seen, said Joshua R. Cole could not have successfully maintained a suit to set aside said conveyance to Mary A. McIntosh as fraudulent; neither could his assignee successfully maintain this suit. The decree complained of is therefore reversed, and, proceeding to render such decree as the circuit court should have rendered, the plaintiff's bill is dismissed, with costs.

*Reversed.*